IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| The St. Andrews Townhomes Homeowners' Association, Inc. and St. Andrews Townhomes Horizontal Property Regime, ) ) ) ) ) | | |
| Plaintiffs, ) ) | | |
| vs. ) ) | Civil Action No. 4:09-cv-00382-TLW-TER | |
| Beazer Homes USA, Inc., ) ) | | |
| Defendant. ) ——————————————) | **ORDER** | |
| Beazer Homes Corp., ) ) | | |
| Third-Party Plaintiff, ) ) | | |
| v. ) ) | | |
| Accurate Electric, Inc.; Arias Masonry, LLC;) B&B Masonry, LLC a/k/a Anchor Masonry; ) B&W Nursery & Landscaping, Inc.; ) Concrete, Framing, Construction, Inc. a/k/a ) CFC, Inc.; Concrete Placement of Myrtle ) Beach; First Ocean Air, Inc.; Grand Strand ) Roofing & Siding; Green Scape a/k/a ) Greenscaper, Inc.; J.R. The Trim Team, ) LLC; Quick Professional Painting; ) RWG, Inc.; Sam Eddings d/b/a Sam's ) Drywall; The Painter & Co.; and Tropical ) Pool Supply, Inc., ) ) | | |
| Third-Party Defendants. ) ——————————————) | | |

On February 13, 2009, this action was removed to this Court from the Court of Common

Pleas for Horry County, South Carolina. (Doc. #1). On March 5, 2009, the defendant Beazer Homes

USA, Inc.[1] filed an amended answer and third-party complaint, thereby impleading a number of construction subcontractors. (Doc. #6). On June 5, 2009, Beazer filed a motion to dismiss this action and/or compel arbitration and stay proceedings. (Doc. #77). No responses were filed to the motion by any party to this action[2]. All pretrial proceedings have been referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to the provisions of 28 U.S.C. § 636.

This matter is now before the Court for consideration of the Report and Recommendation ("the Report") filed by the Magistrate Judge to whom this case was previously assigned. (Doc. #170). In the Report, the Magistrate Judge recommends that Beazer's motion to dismiss and/or compel arbitration and stay proceedings be granted, and that the District Court dismiss this action so that the parties may pursue binding arbitration. Multiple parties filed objections to the Report. (Docs. #171, #172, #176, #177, #181). In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

---

[1] The Court notes that Beazer Homes contends that it has been improperly identified as Beazer Homes USA, Inc., instead of Beazer Homes Corp. For purpose of this Order, the Court will refer defendant Beazer Homes USA, Inc., and third-party plaintiff Beazer Homes Corp. collectively as "Beazer."

[2] On January 19, 2010, third-party defendant First Ocean Air, Inc. filed its own "Motion to Dismiss/Remand or Compel Arbitration." (Doc. #165).

2

(citations omitted).

On March 5, 2010, the plaintiffs filed objections to the report. (Doc. #177). In the objections, the plaintiffs request that this Court withhold ruling on the motion to dismiss and/or compel arbitration and stay proceedings, and instead issue a ruling on the plaintiff's pending motion to amend the complaint. The plaintiffs note that the proposed amended complaint adds direct causes of action against all third-party defendants, and assert that the addition of these claims would destroy federal diversity jurisdiction in this case. The plaintiffs assert that the action would then be remanded to state court, and that the state court could then rule on the motion to dismiss and/or compel arbitration. This Court does not agree that the motion to amend the complaint should be entitled to priority over the motion now before the Court, and declines to adopt the plaintiff's proposed approach. The Court will rule on Beazer's motion to dismiss and/or compel arbitration and stay proceedings at this time.

On February 24, 2010, third-party defendant Renee Flanary, d/b/a Anchor Masonry and B&B Masonry, filed objections to the Report. (Doc. #171). In the objections, third-party defendants Anchor Masonry and B&B Masonry specifically note that they do not object to binding arbitration and consent to arbitration of all matters in this case. (Doc. #171). However, third-party defendants Anchor Masonry and B&B Masonry object to a provision in the Report noting that each of the contracts between Beazer and the third-party defendants contained a mandatory arbitration provision. Anchor Masonry and B&B Masonry assert that they had oral rather than written contracts with Beazer, and do not wish to be bound by all provisions contained within the standard written subcontract typically used by Beazer. Beazer filed a reply to this objection on March 10, 2010. (Doc. #183).

3

On February 24, 2010, third-party defendant The Painter & Co. also filed an objection noting that it does not object to binding arbitration, but similarly contends that it has no written contract with Beazer. (Doc. #172). Finally, on March 2, 2010, third-party defendant J.R. The Trim Team, LLC filed an objection noting that it too does not objecting to arbitration, but contends that no written contract existed between itself and Beazer. (Doc. #176). The Painter & Co. and J.R. The Trim Team, LLC, do not wish to be bound by all terms contained in Beazer's standard written subcontract. Beazer filed a reply in opposition to the Painter & Co.'s objection on March 10, 2010. (Doc. #184).

In addressing the objections of the third-party defendants Renee Flanary, d/b/a Anchor Masonry and B&B Masonry; The Painter & Co.; and J.R. The Trim Team, LLC, this Court notes that the existence of a written contract between Beazer and each of these third-party defendants is not relevant to the decision now before this Court. No third-party defendant has disputed that it is subject to arbitration. The issue of the type of contract that existed between the third-party defendants and Beazer, as well as the application of any other contractual provisions, including an indemnification provision, are issues to be considered at a later stage in the proceedings. For purposes of the record, this Court notes that the third-party defendants Renee Flanary, d/b/a Anchor Masonry and B&B Masonry; The Painter & Co.; and J.R. The Trim Team, LLC specifically dispute that a written contract exists between themselves and Beazer, and assert that any agreement between themselves and Beazer was oral.

Finally, on March 8, 2010, Beazer filed an objection to the Report. (Doc. #382). In the objection, Beazer requests, for the first time, that the District Court stay this action and issue an order requiring arbitration rather than dismissing this case so that the parties may resolve the case through

4

arbitration. In reviewing the record, this Court notes that Beazer has asserted that all claims in this action are subject to binding arbitration. The Court concludes, in light of the record before it at this time, that it is unnecessary for the Court to retain jurisdiction over this action while the parties submit all claims to arbitration. See Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001). The Court notes that dismissal is appropriate at this time, and declines to adopt Beazer's suggestion that the action be stayed pending resolution of the binding arbitration proceedings.

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and the objections thereto, the Court **ACCEPTS** the Report subject to the limitations discussed above regarding the contentions of third-party defendants Renee Flanary, d/b/a Anchor Masonry and B&B Masonry; The Painter & Co.; and J.R. The Trim Team, LLC. (Doc. #170). For the reasons articulated by the Magistrate Judge, Beazer's motion to dismiss and/or compel arbitration and stay proceedings is **GRANTED** and this action is hereby **DISMISSED**. (Doc. #77).

    **IT IS SO ORDERED**.

                                                    s/Terry L. Wooten
                                           United States District Judge

March 11, 2010
Florence, South Carolina

5